**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**NO. 3:05CV76-C**

| | |
|---|---|
| **HAROLD SKIPPER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **MEMORANDUM AND ORDER** |
| | ) |
| **COBB VANTRESS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Appointment of Attorney" (document #4) filed March 22, 2005, and "Motion for Change of Venue" (document #12) filed May 2, 2005; and the Defendant's "Response ... to Motion to Change Venue" (document #13) filed May 16, 2005. The deadlines for filing any further response or reply briefs have long expired.

On June 29, 2005, the Plaintiff's motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and are now ripe for determination.

On February 22, 2005, the Plaintiff Harold Skipper, a resident of Anson County, North Carolina, filed his pro se Complaint against the Defendant Cobb Vantress, Inc., alleging that the Defendant engaged in race discrimination and retaliation in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq.. As the Plaintiff acknowledged during the Initial Pretrial Conference, discussed below, all of the events giving rise to his claims allegedly occurred at the Defendant's hatchery in Anson County, that is, within the Western District of North Carolina.

At the same time he filed his Complaint, the Plaintiff also filed a "Motion to Proceed In

Forma Pauperis," which on March 4, 2005, was granted by the Honorable Graham C. Mullen. See "Order" (document #2).

On March 22, 2005, the Plaintiff filed his "Motion for Appointment of Attorney" (document #4), requesting that he be appointed counsel at government expense in this civil action.

On April 4, 2005, the Defendant filed a "Motion to Extend Time to Answer" (document #6).

On April 7, 2005, the Plaintiff filed a "Response," objecting to the extension of the deadline for filing an Answer. See Document #7.

On April 11, 2005, Judge Mullen granted the Defendant's Motion to Extend Time to Answer, extending the deadline to April 27, 2005. See "Order" (document #8).

On April 27, 2005, the Defendant filed its Answer.

On May 2, 2005, the Plaintiff filed his "Motion for Change of Venue" (document #12), requesting this case be transferred to the Middle District of North Carolina and alleging as the sole ground in support of his motion that the prompt granting of the Defendant's Motion to Extend Time to Answer while his "Motion for Appointment of Attorney" was not ruled upon is evidence that he will not receive fair treatment in this district.

On July 26, 2005, the undersigned conducted the Initial Pretrial Conference ("IPC") in chambers with the pro se Plaintiff and defense counsel and discussed, among other things, the Plaintiff's continuing desire to have a court-appointed attorney and to have this matter transferred to the Middle District. Concerning these motions, the Plaintiff acknowledged that he continues to reside in Anson County, where all events related to his lawsuit occurred; that he has attempted to retain an attorney, including one attorney with whom the Court is familiar and who specializes in employment discrimination litigation; and that in addition to being dissatisfied with the delay in resolving his Motion for Appointment of Attorney, he also desires transfer of venue because he is

"more familiar with Greensboro," North Carolina (where one of the United States Courthouses for the Middle District is located), than with Charlotte. Regarding this final point, however, the Plaintiff traveled alone to the IPC and arrived on time in the undersigned's chambers at the United States Courthouse in Charlotte without any apparent difficulty.

The undersigned informed the Plaintiff at the IPC that in light of a employment discrimination lawyer's unwillingness to represent him notwithstanding provisions in Title VII that permit a prevailing plaintiff to recover attorney's fees from the opposing employer, thus giving attorneys an incentive to accept meritorious cases irrespective of a plaintiff's ability to pay in advance for their services, he should be mindful of provisions permitting prevailing employers to recover attorney's fees from plaintiffs in certain limited circumstances. On this point, see, e.g., Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) ("a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith"); EEOC v. Clay Printing Co., 13 F.3d 813 (4th Cir. 1994) (affirming $192,792.50 in attorneys' fees and $15,348.92 in expenses to prevailing defendant under Equal Access to Justice Act); and Glymph v. Spartanburg Gen. Hosp., 783 F.2d 476, 479 (4th Cir. 1986).

Concerning the Plaintiff's "Motion for Appointment of Attorney," he cites no authority in support of his request for court-appointed counsel, and acknowledged during the IPC that he knew, after either reviewing information displayed on the Court's Internet website or speaking with Clerk's office staff, that he was not automatically entitled to a court-appointed attorney in this case. Moreover, the undersigned is not aware of any case law, statute, Federal Rule of Civil Procedure, or Local Rule requiring the appointment of counsel in a civil case such as the one brought by the Plaintiff, and there are no funds appropriated for this purpose. Accordingly, the Plaintiff's Motion

for Appointment of Attorney must be <u>denied</u>.

Regarding the Plaintiff's "Motion for Change of Venue" to the Middle District of North Carolina, it is clear that venue in the Western District of North Carolina is proper, that is, the Defendant maintains a facility in this district, and all events related to this action allegedly occurred at that facility. <u>Accord</u> 42 U.S.C. § 1391(b) (where subject matter jurisdiction is based on a federal question, venue is proper only in "a judicial district where any defendant resides ... or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....") Conversely, there is no indication in the record that the Defendant operates a facility in the Middle District, that any event related to this action occurred there, or that venue otherwise would be proper in that district. For these reasons, the Plaintiff's Motion to Change Venue will also be <u>denied</u>.

**IT IS THEREFORE ORDERED THAT:**

1. The Plaintiff's "Motion for Appointment of Attorney" (document #4) filed March 22, 2005, and "Motion for Change of Venue" (document #12) filed May 16, 2005 are **DENIED**.

2. The Clerk is directed to send copies of this Order to the <u>pro se</u> Plaintiff; to counsel for the Defendant; <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED.**

**Signed: July 27, 2005**

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge