# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:05cv00076

| | |
|---|---|
| HAROLD SKIPPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| COBB-VANTRESS, INC., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 19) and Memorandum in Support of Defendant's Motion (Doc. No. 20), filed December 15, 2005; Plaintiff's Response to Defendant's Motion (Doc. No. 21), filed December 28, 2005; Defendant's Reply to Plaintiff's Response (Doc. No. 22), filed January 10, 2007; Declaration of Harold Skipper (Doc. No. 27), filed September 12, 2006; Defendant's Supplemental Memorandum in Support of its Motion for Summary Judgment (Doc. No. 31), filed October 18, 2006. Also before the Court is Plaintiff's Motion to Strike Defendant's Supplemental Memorandum (Doc. No. 32), filed November 1, 2006, and Defendant's Response to Plaintiff's Motion to Strike (Doc. No. 33), filed November 17, 2006. For the reasons stated herein, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion to Strike.

## I. BACKGROUND

Plaintiff Harold Skipper filed a *pro se* Complaint alleging age discrimination and retaliation by his employer, Cobb-Vantress. Plaintiff was employed by Defendant Cobb-Vantress as a hatchery

employee. During his employment, Plaintiff applied six different times for a promotion at several Cobb-Vantress hatcheries. The positions sought by Plaintiff and the respective job-posting dates included: (1) Wadesboro Hatchery Manager, posted October 15, 2003; (2) North Hatchery Supervisor, posted December 22, 2003; (3) Fayetteville Hatchery Manager, posted January 26, 2004; (4) Blairsville Lead Position, posted March 31, 2004 ; (5) Fayetteville Hatchery Supervisor, posted June 17, 2004; and (6) Wadesboro Lead Man, posted August 17, 2004. Each of the positions applied for by Plaintiff required either a bachelor's or associates degree and at least some supervisory experience. Although Defendant interviewed Plaintiff for each of the positions, Defendant contends that Plaintiff did not have the necessary qualifications for the positions because he only had a high school diploma and had no supervisory experience. As such, Plaintiff was not hired for any of the positions for which he applied. On September 10, 2004, Plaintiff filed a claim with the EEOC, which is the subject of the age discrimination claims in this matter.

On October 6, 2004, Defendant terminated Plaintiff's employment after he breached the company's bio-security policy. As part of Defendant's policy, employees were prohibited from entering the "clean" areas (where chicks, eggs, etc., were housed) unless the employee first showered. The policy required an employee to shower *each time* he went from the dirty area to the clean area. According to Defendant, contamination in the clean areas could result in infections that could destroy the chicks and embryos, substantially shut down the hatchery, and possibly even cause recalls and quarantines of Tyson chicken products. Due to this high risk, Defendant's policy provides for immediate termination of employees who improperly re-enter the Hatchery from an exterior "dirty" area (any area outside the hatchery and areas at the entrance of the facility that a person goes into before entering the shower area).

A surveillance tape shows that on October 5, 2004, Plaintiff exited the building twice and re-entered both times through a non-bio-secure door that Plaintiff had propped open. In doing so, Plaintiff failed to take the required showers or change into sanitary clothing and gear. Upon learning of this incident, Defendant confronted Plaintiff about his violation. Plaintiff acknowledged that such an incident would constitute a violation of the bio-security policy; however, Plaintiff denied that the incident occurred. Instead, Plaintiff insisted that he re-entered the building through the shower room door. At his deposition, Plaintiff again denied any violation, and, this time, insisted he had never visited the parking lot during his shift and denied exiting and re-entering through the chick room door. Plaintiff contends the videotaped surveillance had been edited and was fraudulent.[1]

Plaintiff subsequently filed this suit alleging that Defendant discriminated against him because of his age in not hiring him for the six promotion positions. Plaintiff also contends his termination was wrongful and in retaliation for his age discrimination claims. Defendant has moved for summary judgment, and the parties have fully briefed the motion.

## II. ANALYSIS

### A. PLAINTIFF'S CLAIMS FOR AGE DISCRIMINATION

**Plaintiff's untimely claims**

Initially, Defendant argues that Plaintiff's claims that he was discriminatorily denied the Wadesboro Hatchery Manager Position, the North Hatchery position, and Fayetteville Hatchery

---

[1] Plaintiff has asserted the "date" on the electronic version of the videotape indicates it was "modified" after the incident. Upon order of this Court at the hearing on September 25, 2006, Defendant submitted an electronic copy of the videotaped surveillance. The electronic version submitted to the Court was created on October 5, 2004, and shows no modification following its creation. Further, Plaintiff was given the opportunity to have the surveillance and electronic data file reviewed by an expert in computer forensics, and the Court invited Plaintiff to submit an expert report to support his claim that the tape had been altered and was fraudulent. Plaintiff has not submitted any such expert report, and upon further review by the Court, the Court sees no indication of tampering with or wrongful editing of the video surveillance.

position are time barred. A party alleging a violation of the ADEA must file a charge of discrimination within 180 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(1). Failure to abide by this time limitations warrants dismissal of the plaintiff's claims, absent proof of a "continuing violation" or that equitable tolling principles support extension of the deadline.

Here, Skipper filed his charge with the EEOC on Sept. 9, 2004, which is 326 days after the allegedly discriminatory decision was made on the Wadesboro Hatchery Manager Position. Thus, the EEOC correctly determined the allegations were barred as untimely. Likewise, the allegedly discriminatory decision regarding the North Hatchery position and the Fayetteville Hatchery decision were made outside the 180 day window and are similarly time barred.

Plaintiff does not argue, nor does the law support, a "continuing violation" so as to excuse the delay in filing these three claims. See White v. BFI Waste Services, LLC, 375 F.3d 288, 293 (4th Cir.2004); see also Lewis v. Norfolk Southern Corp., 271 F.Supp.2d 807, 813 (E.D.Va.2003) (holding that job transfer, denial of promotion, denial of pay raise, and negative performance review were discrete acts that did not fall within the continuing violation doctrine); Janey v. N. Hess Sons, Inc., 268 F.Supp.2d 616, 623 (D.Md.2003) (holding that "the continuing violation doctrine does not apply to discrete discriminatory actions, such as promotions and transfers"). Plaintiff could also overcome the strict 180-day deadline by arguing application of equitable tolling. Again, Plaintiff neither argues, nor do the facts support, equitable tolling so as to excuse Plaintiff's delay in filing these three claims. Accordingly, the Court dismisses as untimely filed Plaintiff's claims of discrimination in his denial for promotion to the Wadesboro Hatchery Manager Position, the North Hatchery position, and Fayetteville Hatchery.

**Plaintiff's Timely Claims**

Defendant concedes, and the Court agrees, Plaintiff timely filed his complaint of discrimination regarding the three remaining positions (Blairsville Lead Position, Fayetteville Hatchery Supervisor, and Wadesboro Lead Man). As to the merits of Plaintiff's claim for age discrimination on the remaining three positions, the law on this topic is well-settled.

> To prove a prima facie case of discriminatory failure to promote under Title VII, a plaintiff must prove that: (1) he is a member of a protected group, (2) he applied for the position in question, (3) he was qualified for the position, and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Carter v. Ball, 33 F.3d 450, 458 (4th Cir.1994). An employer may rebut a plaintiff's *prima facie* case by demonstrating that the person promoted was better qualified for the position. The plaintiff then may attempt to prove that the employer's articulated reason for promoting the successful applicant was merely pretext. The plaintiff bears the final burden of persuasion on the issue of intentional discrimination. Id.

Amirmokri v. Baltimore Gas & Electric Co., 60 F.3d 1126, 1129-30 (4th Cir. 1995). Here, the first two elements are undisputed. Plaintiff, however, cannot meet his heavy burden as to the third and fourth elements.

Plaintiff was not qualified for a promotion to any of the other supervisory positions for which he applied. Experience in a supervisory or managerial role was a prerequisite for each of the positions. The uncontradicted evidence presented by Defendant shows that Plaintiff: (1) did not possess the requisite supervisory or managerial experience; (2) was not proficient with the computer programs or software as required by the job postings for each of the positions to which Plaintiff applied; (3) did not have a drivers' license and, therefore, could not satisfy the travel requirements; and (4) did not satisfy the college education requirement. Furthermore, Plaintiff admitted that he did not possess all the requisite qualifications for the positions he sought and conceded in his deposition

that the persons ultimately selected for the positions satisfied the position requirements. Thus, Plaintiff has failed to make a *prima facie* showing of the third element for his age discrimination claim.

Moreover, Plaintiff has presented no evidence that age was a factor in any of the hiring decisions for these three positions and, thus, fails to satisfy the fourth element of his claim. Acknowledging that Plaintiff is proceeding in this matter *pro se* and giving Plaintiff all reasonable inferences from the evidence in this case, this Court finds that Plaintiff cannot establish a *prima facie* case of age discrimination.

Even if Plaintiff could make out a *prima facie* case, Defendant has demonstrated a legitimate, non-discriminatory reason for not promoting Plaintiff. Substantial evidence and Plaintiff's own admissions discussed above demonstrate that he was not the most qualified person for the positions to which he applied.

Furthermore, Plaintiff cannot prove pretext. In establishing pretext sufficient to withstand a defendant's motion for summary judgment, "the plaintiff must demonstrate by a preponderance of the evidence that defendant's reasons were a pretext for discrimination." EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992). Plaintiff's sole argument as to pretext is his identification of an isolated, stray question about his age that he contends was asked during an interview for the Wadesboro Hatchery job (which the Court has already ruled to be time barred). Plaintiff has presented *no evidence* to support this allegation or to show its connection to any of the other hiring decisions that Plaintiff now challenges. Allegations of a stray comment, without more, are insufficient to satisfy Plaintiff's burden to prove pretext. See Moore v. Eli Lilly & Co., 990 F.2d 812, 9191 (5ht Cir.) (affirming summary judgment; noting that an inquiry from plaintiff's new

supervisor of plaintiff's former supervisor as to the ages of the employees did not constitute age discrimination). Therefore, even presuming Plaintiff could establish a *prima facie* case of age discrimination, which he cannot, Plaintiff has not presented any evidence to show the reasons for Defendant's decisions were false and that discrimination was the ultimate reason for not promoting Plaintiff. See <u>Jiminez v. Mary Washington College</u>, 57 F.3d 369, 277-78 (4th Cir. 1995) (quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993)).

### B. PLAINTIFF'S CLAIM FOR RETALIATION

To state a *prima facie* case of retaliation, a plaintiff must show: (1) the plaintiff engaged in a protected activity, such as filing a complaint with the EEOC; (2) the employer acted adversely against the plaintiff; and (3) the protected activity was causally connected to the employer's adverse action. <u>Carter v. Ball</u>, 33 F.3d 450, 460 (4th Cir.1994). Once this is shown, the burden is on the employer to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions. <u>Id.</u> The plaintiff must then demonstrate that the employer's reason was mere pretext for retaliation. See <u>Jiminez</u>, 57 F.3d at 377-78 (4th Cir.). The plaintiff carries the ultimate burden of persuading the trier of fact that the defendant engaged in retaliatory conduct. See <u>Williams v. Cerberonics, Inc.</u>, 871 F.2d 452, 457 (4th Cir.1989).

Presuming, without deciding, that Plaintiff could make out a *prima facie* case of retaliation, Defendant has articulated a legitimate, nondiscriminatory reason for terminating Plaintiff. The evidence, including videotape evidence reviewed by the Court, undisputedly shows Plaintiff violated Defendant's bio-security policy on October 5, 2004. While Plaintiff denies the bio-security violation, claiming the videotape was fraudulent, he has failed to present any evidence showing how the videotape was fabricated or doctored. Thus, the videotape stands as substantial, uncontradicted

evidence against him. Moreover, Plaintiff gave several differing explanations and accounts of the incident. Plaintiff's conduct following the incident provides evidence that he willfully violated the policy, as well as his knowledge that he committed an offense punishable by discharge. Thus, the evidence showing Plaintiff violated the policy, coupled with Defendant's reasonable believe that Plaintiff was untruthful when confronted with the violation by his superiors, satisfies Defendant's burden of proof on this issue.

Plaintiff has not met his burden to show Defendant's articulated reason for his termination are pretextual. At hearing, Plaintiff argued that other employees violated the policy, but were not terminated. Plaintiff, however, has not presented *any* evidence that Defendant was aware of those violations, even after the Court allowed Plaintiff additional time to obtain affidavits to support his claim. Accordingly, Plaintiff's claim for retaliation fails as a matter of law.

### III. Conclusion

Finally, this Court is aware of the Fourth Circuit's directive that District Courts must be especially solicitous of civil rights plaintiffs, and that this solicitude must be heightened when a civil rights plaintiff appears *pro se*. Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). This Court has followed this directive by carefully examining the pleadings, evidence, and arguments of the parties. Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Nor may a party ward off summary judgment with allegations of mere speculation and conjecture. Paluki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (1989). Rather, there is a minimum level of factual support required. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Here, this Court finds that, as a whole, the evidence presented by

Plaintiff to support his claims constitutes little more than speculation and conjecture. Furthermore, these factual inferences are insufficient to rebut Defendant's substantial evidence.

Based upon the foregoing, the Court hereby finds and concludes that Plaintiff has failed to establish the elements of a *prima facie* case of age discrimination under the ADEA and failed to rebut Defendant's articulated explanation for terminating Plaintiff's employment so as to survive summary judgment on his claim for retaliation under Title VII. Thus, Defendant is entitled to Summary Judgment on all claims.

**IT IS, THEREFORE, ORDERED THAT** Defendant's Motion for Summary Judgment (Doc. No. 19) is GRANTED. Plaintiff's Motion to Strike (Doc. No. 32) is DENIED. The Clerk is DIRECTED to close this case.

**IT IS SO ORDERED.**

Signed: March 26, 2007

Frank D. Whitney
United States District Judge